DANIEL ROTHSCHILD, Plaintiff, *v.* NAAMLOOZE VENNOOTSCHAP GEBROEDERS PAPPENHEIM'S TABAKSHANDEL, Defendant.

Supreme Court, Special Term, New York County, April 27, 1949.

*Edward Garfield* for plaintiff.

*Poletti, Diamond, Freidin & Mackay* for defendant.

GAVAGAN, J. This is an action for the appointment of a receiver under the provisions of section 977-b of the Civil Practice Act. Temporary receivers were appointed ex parte by order dated May 21, 1948. Defendant is a Dutch corporation which for upwards of fifty years has been engaged in the tobacco leaf trading business in the city of Amsterdam, Kingdom of the Netherlands. Plaintiff is a tobacco specialist and until 1933 was a citizen and resident of Germany, when he took up residence in Holland and thereafter became a stockholder and one of the managing directors of the defendant corporation. In 1938, plaintiff and one Blum, acting on behalf of the defendant corporation, ordered the Amsterdam, Holland, branch of the Rotterdamsche Bank to purchase designated American securities for the defendant corporation and to open United States dollar foreign exchange currency accounts for the defendant corporation. These directions were carried through by the said bank. In October, 1939, plaintiff resigned as managing director of the defendant, leaving one Joseph Blum as its sole managing director, and left Holland taking residence in Canada, and in January, 1949, he became a resident of this State. When plaintiff left Holland he left his stock certificates (representing his holdings in the defendant corporation) in a safe deposit box maintained by the defendant corporation with the Rotterdamsche Bank. Such stock certificates were bearer ones, title to which is not recorded in the corporate records, and under Dutch law are transferable by delivery. At the time of plaintiff's departure from Holland there were outstanding a total of 1,500 shares at a par value of one thousand guilders per share, of which plaintiff owned 83, Joseph Blum, 127, Van Tienhoven, a Dutch citizen, 610, and Rinn & Closs, A. G., a German corporation, 680 shares. May 9, 1940, Germany occupied Holland and continued such occupation until May, 1945, when the government in exile returned. During the German occupation changes took place in the holdings of stock in the defendant corporation whereby plaintiff's holdings were increased $55\frac{1}{3}$ shares, making his total holdings $138\frac{1}{3}$ shares. Under the guise of a tax claim, plaintiff's holdings were ultimately sold by the German government to Rinn & Closs, A. G. The Netherlands government while in exile and upon its return

to the Netherlands adopted a series of measures to cope with the consequences resulting from the enemy's interference in the economic life of the nation during its occupation. Defendant corporation was affected by decrees E100, as amended by F272 and E133, promulgated by the Netherlands government.

Article 4 of decree E100 created a governmental body known as the Council for the Restoration of Legal Rights, and article 99 of said decree conferred upon said Council the power to appoint the executive officers (*Bestuurders*) of the corporation; to dismiss and suspend such executive officers who had been elected pursuant to the charter and organic law of said corporation; and to create organs which are not provided for by the charter. The functionary so appointed by the Council was clothed with the powers which the corporate charter gave to the officers of the corporation relieved by the functionary. Article 162 of the decree authorized the military governor of Holland to exercise the functions of the Council while Holland was still under a special state of siege. Accordingly, the military governor appointed one Mr. Herman Hendrik Steneker (a Dutch national) as *Bestuurder* of the defendant corporation with the power of a *Beheeder*. The powers of a *Beheeder* were required to be conferred upon Mr. Steneker under the governmental decree because of the ownership of stock of the defendant corporation by Rinn & Closs, enemy German nationals. It is this appointment of Mr. Steneker and his functioning thereunder that plaintiff alleges constitutes an invasion of the rights and functions of the defendant corporation as is contemplated by section 977-b of the Civil Practice Act.

This section establishes a public policy for this State and declares certain acts or the assertions of certain powers by foreign governments or States as inimical to such public policy. Can it be said that these acts of the Netherlands government in exile or upon its return therefrom are inimical to the public policy of this State? I cannot so declare. The Netherlands government in the exercise of legitimate governmental powers attempted to bring order and justice out of chaos. How may it be said such policy violated the public policy of this State? To grant the relief demanded by plaintiff under section 977-b it must be established by a fair preponderance of the evidence that that which was declared to be against the public policy of this State by said section was attempted by the Netherlands government. The plaintiff has failed to meet this test. On the contrary, his evidence and that offered by the defendant establishes that the Netherlands government sought by a process of reclama-

tion to set aside the injustices of a harsh and ruthless invader; weigh equities between claimants; make final restitution of rights invaded and violated and at the same time to carry on the functioning of corporations and businesses. Such a policy of reclamation is not in violation of section 977-b of the Civil Practice Act. To hold otherwise would do violence to the rights and privileges of a friendly nation and constitute an unjust invasion of her rights and those of her nationals having property in this State. There was no suspension of the defendant's business; as a matter of fact said business has always been maintained. The acts of the Netherlands government did not constitute Sovietizing or nationalization of the defendant corporation as is contemplated by section 977-b of said act.

Assuming, *arguendo,* that plaintiff is a stockholder and creditor, and it is by no means clear that he presently enjoys either status, the relief sought cannot be granted. To prevail plaintiff must show within the contemplation of section 977-b of said act that the defendant corporation has been nationalized or has ceased to do business or has been liquidated or that its charter or organic law has been suspended, repealed, annulled or revoked. Plaintiff has not met the burden in these respects.

There has been no nationalization in the sense of confiscation by the foreign government. The corporation is doing business, is not in the process of liquidation nor has there been any suspension in the permanent sense in which this term is used with reference to business or financial institutions which have ceased to do business. The control which the Netherlands government is exercising does not constitute revocation, annulment, repeal or suspension of defendant's charter. The process through which the corporation is now passing is protective rather than destructive of its entity and of the rights of its creditors and stockholders. No determination is made of any other issues litigated, there being no need therefor.

The complaint is dismissed, the appointment of the temporary receivers is vacated and revoked and judgment is directed to be entered in favor of defendant, without costs.